NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 08-4800, 08-4801
_____

UNITED STATES OF AMERICA

v.

ERIC HAYES, a/k/a International Ross, a/k/a Ross

Eric Hayes, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 1-05-cr-00443-009, 1-07-cr-00293-001)
District Judge:  The Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed:  June 29, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Eric Hayes appeals his conviction by a jury for:  one count of conspiracy to

transport individuals with intent to engage in prostitution, and intent to distribute the

proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421 and 1952(a); two counts of coercing and enticing individuals to travel in interstate commerce for prostitution, in violation of 18 U.S.C. §§ 2422(a), and 1952(a)(3) and (2); and one count of transportation of an individual in interstate commerce with intent to engage in prostitution, in violation of 18 U.S.C. § 2421.  The District Court sentenced him to 420 months of imprisonment, three years of supervised release, assessments of $100 for each count, and a fine of $4,000 on Count One.

Quoting from Hayes' brief, he asserts the following issues on appeal.

> I.  Does a proper view of the evidence reveal that Eric Hayes actually agreed with others to participate in illegal activity?
>
> II. Does the evidence reveal that [A.P.] chose of her own volition and without persuasion, coercion, inducement or enticement from Eric Hayes to cross state lines for purposes of engaging in prostitution?
>
> III. Was the effect of Dr. Sharon Cooper's testimony so prejudicial that no efforts to limit the juries' [sic] application of it could prevent undue prejudice and deprive Mr. Hayes of his right to a fair trial by an impartial jury?
>
> IV. Did the trial court incorrectly calculate the sentencing guidelines for Mr. Hayes and did the court deny Mr. Hayes his constitutional right against *ex post facto* application of those rights.

Appellant's Brief, p. 2.  We will affirm.

We apply a deferential standard in determining whether a jury verdict is supported by sufficient evidence, viewing the evidence in a light most favorable to the government. We will sustain the verdict if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt.  *United States v. Dent*, 149 F.3d 180, 187 (3d Cir.

1998). Hayes admits to being a pimp, and to interacting with other pimps who pleaded guilty to the conspiracy. Nonetheless, he asserts that there is no substantial evidence that he entered into an agreement with any of these people to participate in any illegal activity. The government presented evidence that Hayes had an informal agreement in which he exchanged advice and assistance with his "pimp partners." It was such information sharing that prompted Hayes and his "pimp partners"—almost all of whom were from Toledo, Ohio—to move their operations to a truck stop in Harrisburg, Pennsylvania. Hayes and his "pimp partners" also set prices for prostitution services and enforced an unwritten code of conduct among the pimps. We conclude that the government presented sufficient evidence for a reasonable jury to decide that there was a meeting of the minds among Hayes and his co-conspirators.

Next, while Hayes does not dispute that he transported a minor (identified as A.P.) across state lines for the purpose of engaging in prostitution, he argues that he did not entice, induce, or coerce A.P. to travel with him. *See* 18 U.S.C. § 2422(a). Hayes supports his position by relying upon statements from A.P. that she chose to be a prostitute, was excited to travel with Hayes, and that her agreement to go to Las Vegas did not take any "arm-twisting." Hayes ignores evidence of A.P.'s youth and instability, that he encouraged A.P. to believe that she was his girlfriend (a scheme used by other co-conspirators), and that he—within the context of this ruse—enticed A.P. to travel to Las Vegas with promises of riches and a good life. Moreover, Hayes prostituted A.P. in other states and, throughout this time, he increased his control over her through isolation, threats, and brutality. Although Hayes attempts to distinguish his abuse of A.P. from his

3

intent to continue prostituting her in various states, a reasonable jury could conclude that Hayes enticed and/or coerced A.P. to travel interstate for purposes of prostitution.

Hayes also asserts that the District Court abused its discretion in allowing the testimony of a government witness, Dr. Sharon Cooper, because it was unduly prejudicial. Before trial, the District Court ruled that Dr. Cooper was qualified to testify on the general topic of the sexual exploitation of children, but she was not permitted to testify about specific victims in this case. Hayes argues that Dr. Cooper's testimony should have been completely excluded or, upon hearing the actual testimony, the District Court should have stricken it from the record. Nothing in the trial transcript supports Hayes' contention. The District Court sustained Hayes' objection to one question by the prosecution, and issued a proper curative instruction. Beyond this, Dr. Cooper testified without objection from Hayes, staying within the parameters that the District Court established. Moreover, the District Court gave Hayes opportunity to cross-examine Dr. Cooper. We conclude that the District Court did not abuse its discretion.

With regard to Hayes' sentence, we are not persuaded by his argument that the cross-reference constituted an ex post facto violation.[1] The conduct for which Hayes was convicted included acts occurring after November 1, 2004, the effective date of relevant amendments to the Guidelines. Both he and his co-conspirators were still prostituting victims in 2005, and the District Court reasonably concluded that the acts of Hayes' co-conspirators were foreseeable and attributable to him, given his relationship with his

---

[1] Hayes mistakenly references *United States v. Bertoli*, 40 F.3d 1384 (3d Cir. 1994) in support of his argument. However, *Bertoli* referred to separate counts of a conviction that spanned the effective date of new Guidelines, a scenario not present here.

"pimp partners." Therefore, the District Court properly applied to Hayes the Guidelines incorporating amendments that became effective after November 1, 2004, which permitted the cross-reference to U.S. Sentencing Guidelines Manual § 2A3.1 (2007).

We easily dispose of Hayes' assertion that the District Court erred by applying a four-level special characteristic for conduct described in 18 U.S.C. § 2241 (a) or (b), pursuant to section 2A3.1(b)(1). He avers that he did not force anyone to engage in sexual acts. Hayes and his co-conspirators threatened and severely beat minors and young women to establish dominance over them for the purpose of prostituting them. He and his co-conspirators created an environment of fear that forced their victims to continue to prostitute. The District Court properly applied the enhancement for forcing an individual to engage in a sexual act.

His challenge to the two-level vulnerable victim enhancement, pursuant to section 3A1.1(b)(1), also lacks merit. Hayes recruited a cognitively impaired minor and prostituted a girl with a bi-polar disorder. Moreover, testimony established that the conspiracy targeted "lost girls" (a reference to minors from troubled personal or familial circumstances such as homelessness or severely unstable families). These conditions were not incidental to the victimization. The record provides sufficient basis for the District Court's application of the vulnerable victim enhancement.

With regard to Hayes' challenge to the leader/organizer enhancement (section 3B1.1(a)) the record provides evidence that he trained at least one other co-conspirator/pimp in this large, multi-state operation. The District Court did not err by applying this enhancement.

For all of these reasons, we will affirm the District Court's judgment of conviction and sentence.